United States District Court
for the
Southern District of Florida

| Yuniel Rojas, Jorge Bravo, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-24149-Civ-Scola |
| | ) | |
| OC Electrical LLC, et al., | ) | |
| Defendants. | | |

### Opinion Order Granting Motion to Dismiss

Plaintiffs Yuniel Rojas ("Rojas") and Jorge Bravo ("Bravo") (collectively, the "Plaintiffs") bring this action against their former employers (collectively, the "Defendants") under the Fair Labor Standards Act ("FLSA") and Florida law seeking damages for unpaid wages and retaliatory discharge. (ECF No. 1.)

Now before the Court is a motion to dismiss filed by the Defendants. (the "Motion," ECF No. 18.) Having reviewed the parties' submissions and the applicable law, the Court **grants** the Motion (**ECF No. 18**) as follows.

1. **Background**

    A. **Relevant Facts[1]**

    The Plaintiffs worked as "electrician[s]/construction worker[s]" for Defendants OC Electrical LLC and Suntech Plumbing Corp. (collectively, the "Corporate Defendants"), companies that are "controlled and owned" by Robert Morgado and Zairon Rosero (collectively, the "Individual Defendants"). (ECF No. 1 at ¶¶ 6, 14, 66.) The Plaintiffs assert that they were not paid overtime wages by the Defendants and were fired in retaliation for complaining about same.

    The Plaintiffs allege FLSA coverage under individual and enterprise theories. In the latter respect, the Plaintiffs claim that the Corporate Defendants engaged in interstate commerce by:

    > operat[ing] as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, . . . obtain[ing] and solicit[ing]

---

[1] The Court accepts as true the facts pled in the Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

> funds from non-Florida sources, accept[ing] funds from non-Florida sources, us[ing] telephonic transmissions going over state lines to do their business, transmit[ting] funds outside the State of Florida, and otherwise regularly engag[ing] in interstate commerce, particularly with respect to their employees.
>
> . . .
>
> The Corporate Defendants are construction companies and, through their business activities, affect interstate commerce. [Rojas'/Bravo's] work for the Corporate Defendants likewise affects interstate commerce.

(*Id.* at ¶ 13, 14, 65, 66.) No facts are alleged to support any of these conclusions.

### B. Course of Proceedings

On October 9, 2018, the Plaintiffs filed the Complaint, asserting the following seven claims: (1) Count I for wage and hour violations under the FLSA by Rojas against the Corporate Defendants; (2) Count II for wage and hour violations under the FLSA by Rojas against the Individual Defendants; (3) Count III for retaliatory discharge under the FLSA against all Defendants by Rojas; (4) Count IV for retaliatory discharge under Florida law against the Corporate Defendants by Rojas; (5) Count V for unpaid wages under Florida law against the Corporate Defendants by Rojas; (6) Count VI for wage and hour violations under the FLSA against the Corporate Defendants by Bravo; (7) Count VII for wage and hour violations under the FLSA against the Individual Defendants by Bravo; and (8) Count VIII for unpaid wages under Florida common law against the Corporate Defendants by Bravo. (ECF No. 1.)

The Defendants move to dismiss, arguing: (1) the Complaint contains insufficient allegations of individual FLSA coverage because the Plaintiffs fail to factually plead how their work as electricians and construction workers affected interstate commerce, (ECF No. 18 at pp. 4-5); (2) the Plaintiffs' allegations of enterprise FLSA coverage are "generic, boiler plate" and insufficient under the prevailing *Twombly/Iqbal* standard, (*id.* at pp. 6-7); and (3) the Court should decline to exercise supplemental jurisdiction over Count IV, the retaliatory discharge claim under Florida law, (*id.* at pp. 7-8).

In opposition to the Motion, the Plaintiffs argue: (1) that the Complaint adequately alleges enterprise coverage under the FLSA, (ECF No. 19 at pp. 3-4); and (2) that Count IV and Rosas's FLSA claims arise from a common nucleus of facts, thus permitting the exercise of supplemental jurisdiction, (*id.* at pp. 4-7). Additionally, the Plaintiff's note that the same day the Defendants filed the Motion, Defendant OC Electrical LLC, through the same counsel, admitted in a case before Judge Martinez that "the FLSA covered the entity Defendant [*i.e.* OC

Electrical, LLC] under the enterprise coverage theory" over the same period at issue in this case. (ECF No. 19 at p. 4 (citing *Veiga v. OC Electrical LLC, et al.*, 18-cv-24359, DE 18 at ¶ 11 (S.D. Fla. Nov. 19, 2018) (Martinez, J.).)

The Defendants did not file a reply brief.

## 2. Motion to Dismiss Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

Federal question jurisdiction is alleged to exist in this case under the FLSA. Thus, the sufficiency of the Plaintiffs claims under that statute are material to the existence of federal jurisdiction in this case.

The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. "This requires a showing that the jurisdictional prerequisite of 'interstate commerce' exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.*, 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018) (Scola, J.).

As for individual coverage, in their response the Motion, the Plaintiffs do not address, and therefore waive any opposition to, the Defendants arguments against individual coverage in this case. *Skinner v. Legal Advocacy Center of Central Fla., Inc.*, 2013 WL 5720142, *2 n.3 (S.D. Fla. Oct. 21, 2013) ("[B]ecause Plaintiff did not raise that argument in opposition, the Court considers it waived.").

Second, the Plaintiffs fail to allege any facts to support the existence of enterprise coverage in this case. "[A]n employee may . . . be covered by FLSA through 'enterprise coverage' if her employer: '(1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually.'" *Josendis*, 662 F.3d at 1298.

The Plaintiffs do not factually allege any nexus between their employment and interstate commerce sufficient to satisfy the first prong of enterprise coverage. *Compare* (ECF No. 1 at ¶¶ 13, 65) *with Sarria v. La Canasta Latina Corp.*, 2015 WL 12862717, at *2 (S.D. Fla. Oct. 8, 2015) (Ungaro, J.) (dismissing FLSA complaint for failure to state a claim where plaintiff's allegations of interstate commerce under enterprise coverage theory—indistinguishable from those asserted here—"amount[ed] to a mere form complaint"). Like Judge Ungaro in *Sarria*, "[w]ithout sufficient allegations relating to the Plaintiff[s'] employment and how this employment implicates interstate commerce for purposes of being covered by FLSA, the Court is unable to find that Plaintiff[s] state[] a claim for relief." *Id.* at *2.

And while the Defendants' admissions before Judge Martinez certainly appear relevant here, whether enterprise coverage in fact exists in this case simply does not relieve the Plaintiffs of their obligation to state a claim for relief under the FLSA (and thus federal jurisdiction). The burden will remain on the Plaintiffs to revise their form complaint to allege facts specific to the case at hand.

The Complaint is dismissed without prejudice.

### 4. Conclusion

In sum, the Court **grants** the Motion (**ECF No. 18**) in part and **dismisses** the Complaint without prejudice. The Plaintiffs may file an amended complaint in compliance with this order by April 9, 2019. The Court passes no judgment on the Defendants' arguments relating to supplemental jurisdiction.

**Done and ordered**, in Chambers, at Miami, Florida on April 3, 2019.

_____
Robert N. Scola, Jr.
United States District Judge