United States District Court
for the
Southern District of Florida

| Yuniel Rojas, Jorge Bravo, | ) | |
|---|---|---|
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-24149-Civ-Scola |
| | ) | |
| OC Electrical LLC, and others, | ) | |
| Defendants | ) | |

## Opinion Order Denying Defendants' Motion to Dismiss

Plaintiffs Yuniel Rojas ("Rojas") and Jorge Bravo ("Bravo") (collectively, the "Plaintiffs") bring this action against their former employers (collectively, the "Defendants") under the Fair Labor Standards Act ("FLSA") and Florida law seeking damages for unpaid wages and retaliatory discharge. (ECF No. 28.) Now before the Court is a motion to dismiss Count IV of the Amended Complaint for retaliatory discharge under Fla. Stat. § 440.205, filed by Defendants, OC Electrical LLC and Suntech Plumbing Corp. (collectively, the "Corporate Defendants"). (the "Motion," ECF No. 32.) Having reviewed the parties' submissions and the applicable law, the Court **denies** the Motion (**ECF No. 32**) as follows.

1. **Background**

Rojas worked as an "electrician/construction worker" for the Corporate Defendants from approximately May 1, 2017 to August 20, 2018. (ECF No. 28 at ¶ 21.) In June 2017, Rojas suffered a work-related injury. (*Id.* at ¶ 45.) In August 2018, Rojas hired worker's compensation lawyers, and notified the Corporate Defendants through counsel of his intent to pursue a worker's compensation claim. (*Id.* at ¶ 47.) Over the course his employment, the Corporate Defendants also failed to pay Rojas overtime wages. Rojas complained about these unpaid wages on "multiple occasions up until the time of his termination." (*Id.* at ¶ 39.)

On August 20, 2019, the Corporate Defendants terminated Rojas' employment. (ECF No. 28 at ¶ 39.) According to Rojas, he "would not have been fired but for his complaints about unpaid overtime wages" and his attempt to seek worker's compensation benefits. (Id. at ¶¶ 38-40, 48-50.)

On October 9, 2018, the Plaintiffs filed the Complaint asserting claims under the FLSA and Florida law. (ECF No. 1.) The Defendants moved to dismiss

(ECF No. 18) and the Court granted that motion, dismissing the Complaint without prejudice. (ECF No. 27.)

The Plaintiffs timely amended the complaint. (ECF No. 28.) As relevant to the Motion, Rojas asserts claims for retaliatory discharge under the FLSA, (*id.* at Count III (the "Federal Retaliation Claim")), and under Florida law, (*id.* at Count IV (the "Florida Retaliation Claim")). The theory of the Federal Retaliation Claim is that the Defendants fired Rojas for complaining of unpaid overtime wages. As for the Florida Retaliation Claim, Rojas submits that his termination was due, at least in part, to his pursuit of workers' compensation benefits.

The Corporate Defendants move to dismiss the Florida Retaliation Claim for lack of supplemental jurisdiction, arguing that this claim does not arise from the same nucleus of operative facts as Rojas' federal counts under the FLSA. (ECF No. 32.) Rojas opposes the Motion. (ECF 34.) No reply brief was filed.

## 2. **Legal Standard**

"The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction may be exercised when the claim asserted "derive[s] from a common nucleus of operative fact" as the claim(s) over which the court has original jurisdiction. *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012).

Put simply, "[w]e take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Id.*; *see also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

## 3. **Analysis**

The parties agree that there is no federal question or diversity jurisdiction over the Florida Retaliation Claim. In the Motion, the Corporate Defendants seek dismissal of this claim, arguing that there is no common nucleus of facts between the Florida Retaliation Claim and the Federal Retaliation Claim, such that the Court should decline to exercise supplemental jurisdiction. The Court disagrees.

The Florida Retaliation Claim and the Federal Retaliation Claim arise from a common nucleus of operative facts. Both claims are premised on the theory that the Defendants discharged Rojas in retaliation for engaging in a protected activity. Each claim involves the same discharge of the same plaintiff by the same

defendants. Because these claims "arise from the same facts" and "involve similar occurrences, witnesses [and] evidence" relating to the circumstances of Rojas' termination, the Court finds it appropriate to exercise supplemental jurisdiction in this case. *Hudson*, 90 F.3d at 455.

The Corporate Defendants cite numerous cases in which courts have declined to exercise supplemental jurisdiction over a retaliatory discharge claim under Florida's workers' compensation laws, Fla. Stat. § 440.205. (See ECF No. 32 at p. 4 (citing *Veloza v. Canterbury Lamp Shade Studio, Inc.*, No. 17-61273-CIV, 2017 U.S. Dist. LEXIS 169836, at *3 (S.D. Fla. Oct. 12, 2017) and others).) But these cases involved Courts declining supplemental jurisdiction over a retaliatory discharge claim under Florida law when the only federal claim was for *unpaid wages* under the FLSA. The rationale for those decisions—that the circumstances of a plaintiff's discharge are irrelevant to whether that plaintiff is entitled to unpaid FLSA wages—does not apply here, where Rojas is simultaneously pursuing a *federal* retaliatory discharge claim in Count III.

In the instant case, both claims asserted by Rojas require him to prove the same elements, establish the same facts surrounding Rojas' employment with the Corporate Defendants, and explore the same circumstances surrounding his termination. *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (holding that a Plaintiff must prove the following elements to establish a prima facie case for retaliation under the FLSA: "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action."); *Billups v. Emerald Coast Utilities Authority.*, 714 F. App'x 929, 934 (11th Cir. 2017) (quoting *Ortega v. Eng'g. Sys. Tech., Inc.,* 30 So. 3d 525, 528 (Fla. 3d DCA 2010) (establishing that retaliation claims brought pursuant to § 440.205 require a plaintiff to show the following: (1) he engaged in protected expression; (2) he suffered an adverse employment action; (3) a causal connection exists between the expression and the adverse action)). That the protected expression differs between the two causes of action—seeking workers' compensation benefits in the Florida claim and complaining of unpaid wages in the Federal claim—does not deprive the Court of supplemental jurisdiction, particularly where both claims will cover the same time-period and will also involve many of, if not the exact same, witnesses and evidence. *See Palmer v. Hosp. Auth. of Randolph Cty.,* 22 F.3d 1559, 1563-64 (11th Cir. 1994) (holding that state law claims involving "the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts" as federal claims give rise to supplemental jurisdiction).

For the foregoing reasons, the Court finds that the Federal Retaliation Claim and Florida Retaliation Claim arise from the same case or controversy, such that the Court may exercise supplemental jurisdiction over Count IV of the Amended Complaint.

**4.     Conclusion**

In sum, the Court **denies** the Motion (**ECF No. 32**).

**Done and ordered**, at Miami, Florida, on June 20, 2019.

_____
Robert N. Scola, Jr.
United States District Judge